189 So.2d 460 (1966)
Isabelle RICHARD, Plaintiff and Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Defendants and Appellees.
No. 1776.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1966.
Rehearing Denied September 6, 1966.
*461 Francis E. Mire, Lake Charles, for plaintiff-appellant.
Plauché & Plauché, by A. Lane Plauché, Porter, Scofield & Cox, by John B. Scofield, Lake Charles, for defendant-appellee.
Before TATE, FRUGÉ and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Mrs. Isabelle Richard, filed this suit for damages for personal injuries sustained when her automobile collided with a vehicle driven by Earl J. Mayeaux. Defendants are Mayeaux, who was uninsured, and National Union Fire Insurance Company, Mrs. Richard's own liability insurer, which is sued under an uninsured motorists clause. After a trial before a jury, verdict was rendered for defendants. Plaintiff appealed.
The issues are entirely factual, i. e., which of the two conflicting versions of the accident is true.
The collision occurred on a clear dry day at the intersection of Prien Lake Road, which runs east and west, and Common Street, which runs north and south, in the city of Lake Charles. A 3-phase traffic light hangs over the center of the intersection. Mrs. Richard was driving east, and Mayeaux west, on Prien Lake Road.
Plaintiff's version of the accident is that as she approached the intersection of Common Street, the traffic light was green; she proceeded at a speed of about 30 miles per hour; the traffic was heavy; when she noticed the Mayeaux vehicle, it was only 1 or 2 car lengths ahead and was turning left, directly into her path, from the west bound lane of traffic on Prien Lake Road onto Common Street; she tried to cut to the right to avoid a collision, but the left front of her vehicle struck the left front of the Mayeaux vehicle. She contends the point of impact was in her lane of traffic.
Mayeaux's version of the accident is that as he approached the intersection of Common Street the traffic light had just turned red; he stopped at the intersection and waited for the light to turn green, intending to turn left onto Common; when the light changed, he saw plaintiff's car approaching on Prien Lake Road and waited in his own lane for her to pass before making his left turn; as plaintiff neared the intersection, she angled toward him and struck the left front of his car which was then stationary in his own lane of traffic. Mayeaux thought that plaintiff's actions were perhaps due to some inattention or distraction. He testified as follows:
"When she arrived about under the red light I noticed she wasn't looking forward, that she was occupied with someone in the car. I blew my horn but she was so close to me that she hit my car, just touched it, right across the front and at the time, sitting in the Corvair, I could see her very clearly."
Of these two conflicting versions of the accident, the jury apparently chose to believe that given by Mayeaux. Plaintiff contends this was manifest error because the other witnesses and the physical facts corroborate her. Let us examine the other evidence.
*462 The only other eyewitness who testified was Russell Hoffpauir, called by the plaintiff. Hoffpauir says he was stopped on Prien Lake Road immediately behind Mayeaux, waiting for the light to change; after the light changed, Mayeaux commenced a left turn and struck plaintiff's car in her lane.
As able counsel for the defendant insurer states in his brief, we have no way of knowing why the jury rejected Hoffpauir's testimony, but there are several good possible reasons. For instance, after being asked whether he was related to plaintiff he first testified "I believe her and my wife are some distant kin." But finally, after further evasive testimony, he admitted that plaintiff and his wife are first cousins; that they actually live across the street from each other; and are close friends. Also, Hoffpauir did not remain at the scene long enough to give his name to the police as being an eyewitness. Furthermore, Hoffpauir testified that he was stopped only 2 or 3 feet behind the Mayeaux vehicle and that Mayeaux's car, a light Corvair, was knocked backwards by the heavier Pontiac, driven by the plaintiff, but Hoffpauir was unable to explain why his vehicle was not struck by the Mayeaux vehicle.
Abraham Aucoin, the police officer who investigated the accident, testified that when he arrived the front one-half of the Mayeaux vehicle was across the center line in plaintiff's lane of traffic; and that plaintiff's vehicle had gone about 50 feet past the point of impact and come to rest near a building on the southeast corner of the intersection. Aucoin said that dirt and debris on the street led him to believe the point of impact was in plaintiff's lane. But, as counsel for the defendant points out, this dirt and debris could have been from plaintiff's vehicle which, of course, was, for the most part, in the proper lane.
The other witness relied on by plaintiff is A. W. Murphy, the operator of a service station located on the northeast corner of the intersection. Murphy testified that he was in the station building, over 100 feet from the intersection, when he heard the collision. He went no closer to the scene of the accident than the front door of the service station because he was busy. He testified, in a very vague way, that he thought the Mayeaux vehicle came to rest in plaintiff's lane. He did not know where they were at the time of impact.
The physical facts also are not so conclusive as to show manifest error on the part of the jury. Even accepting plaintiff's version that after the impact the Mayeaux vehicle came to rest in plaintiff's lane of traffic, this does not necessarily show that the Mayeaux vehicle was in plaintiff's lane of traffic when the impact occurred. It is equally as logical that the Mayeaux vehicle was stopped in its own lane of traffic and, when hit by the plaintiff's right-turning automobile, left-front to left-front, was knocked sideways into plaintiff's lane of travel.
Able counsel for Mr. Mayeaux also makes an argument from the physical facts that the jury might well have believed. He points out that after the accident the Mayeaux vehicle was pushed off onto the southeast corner of the intersection by simply turning the front wheels and pushing the vehicle forward. Counsel argues this corroborates Mayeaux's testimony that his vehicle was pushed backward about 15 feet, from which position it could have been easily pushed to the southeast corner of the intersection. If, as plaintiff contends, the Mayeaux vehicle had come to rest in the southeast quadrant of the intersection, it would have been difficult to push it past a telephone pole on the corner onto the southeast corner of the intersection. This argument is somewhat involved, but it could well have influenced the jury verdict.
In the final analysis, our decision is based on the fundamental rule of appellate review that a factual determination of a trial judge or jury will not be disturbed in the absence of manifest error. And this rule is particularly applicable where the testimony is conflicting and the trial court *463 must evaluate the credibility of the witnesses. Rhodes v. Sinclair Refining Company, 195 La. 842, 197 So. 575; Begnaud v. Texas & New Orleans Railroad Company, La.App., 136 So.2d 123; King v. United States Fire Insurance Company, La.App., 169 So.2d 634.
The present case comes within this rule. Essentially, the jury had to decide whether to believe plaintiff and Hoffpauir on the one hand, or Mr. Mayeaux on the other; and what weight should be given to the testimony of Officer Aucoin and Mr. Murphy and to the physical evidence. There was sufficient evidence, if accepted by the jury, to support either version of the accident. It was a decision within the province of the jury and will not be disturbed on appeal.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.