FRUGÉ, Judge.
This is a workmen’s compensation suit instituted by a former employee of Johnny Vaughn, the owner and operator of Vaughn’s Welding and Blacksmith Shop. The plaintiff, who was employed as a welder’s helper, seeks an award of total and permanent disability for an injury which he alleges he suffered in connection with his employment on the morning of April 25, 1963. In answer, the defendant admits the employment relationship but denies the occurrence of any work-connected accident causing the alleged disability. After trial on the merits the lower court rendered judgment in favor of the defendant, dismissing the plaintiff’s suit, and the plaintiff has appealed to this court.
■ The issues involved in this suit are purely factual. The- defendant, whose business establishment is located in Alexandria, Louisiana, had a contract to erect an iron fence upon the property of Mrs. Bertha Coco Jarrett in Marksville, Louisiana. The defendant’s two employees, the plaintiff and Ralph Vaughn, a nephew of the defendant, were given the job of erecting the fence, though the defendant occasionally drove down to Marksville to see how the work was progressing. The plaintiff, because he had no driver’s license, did not commute from Alexandria to Marksville each day but stayed each night in a Marksville motel, reporting to the job site around 8:00 each morning. The plaintiff claims that on Friday, April 25, he reported to the job site at 6:30 A.M., some one and one-half hours *179 early, and before Mr. Vaughn and his nephew arrived from Alexandria, and that while carrying a section of prefabricated fencing he stepped into an open post hole and fell backwards onto a pile of materials, injuring his back and abdomen. The plaintiff claims that the only witness to the accident was an elderly colored man who was passing on the street at the moment. To support this allegation the plaintiff introduced into evidence a hand written statement substantially supporting his version of the accident and purportedly signed by Hamilton Jones, a resident of Marksville. Mr. Jones testified on the trial of the cause and when queried about the statement, testified that the signature at the bottom of the page was definitely his own though the body of the statement was not his handwriting. He further stated that he did not remember signing such a statement nor did he remember witnessing the plaintiff’s fall as outlined in the purported statement. Mr. Jones testified that he often drinks to excess and that the only explanation for his signature on the purported statement was that he was drunk at the time and did not know what he was signing.
The defendant, Mr. Vaughn, testified that when he arrived at the job site on Friday morning just before eight o’clock there was no one present and that the plaintiff arrived at the fence job a short time after their arrival. This testimony is substantiated by that of the plaintiff’s co-worker, Ralph Vaughn. In addition, both men testified that the plaintiff worked all day Friday without mentioning or complaining of the alleged injury. The plaintiff claims to have “jokingly” informed the defendant that he would not be able to work as hard because he had injured himself on the job that morning.
Mr. Walter Outz, who lives in the residence where the fence was being erected, testified that it was his practice to stand in front of the house at approximately 6:30 A.M. each morning and wait for his ride to his job in Alexandria. He related that the person with whom he rides usually picks him up at seven or shortly thereafter and that on the morning of the alleged accident there was no one in or around the yard where the fence was being constructed. Several other members of the Jarrett household were also called to the stand and they testified that they observed no one working in the yard prior to the arrival of the Vaughns at approximately eight o’clock.
In addition to the accounts of these witnesses, the medical evidence contained in this record shows that, in brief, the plaintiff exhibits few objective symptoms of injury, if any, and in the opinion of several doctors is exaggerating symptoms in an effort to obtain from them a positive opinion as to his disability.
Under our law, an employee claiming workmen’s compensation benefits has the burden of proving by a preponderance of the evidence that he suffered a disabling accidental injury arising out of and in the course of his employment. The testimony of the compensation claimant alone may be sufficient to sustain this burden of proof when there are corroborating circumstances and in the absence of testimony seriously discrediting the account of the accident furnished by the claimant. Hayes v. Louisiana Irrigation & Mill Co., 168 So.2d 396 (La.App. 3rd Cir. 1964), writ denied; Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App. 2d Cir. 1964).
In the instant suit the trial judge did not believe that the plaintiff reported to work that morning at 6:30 A.M. as he claimed. He based his decision on the positive testimony of numerous witnesses and a number of additional circumstances which we do not deem it worthwhile to detail. Suffice it to say that this is exactly the type of case for which the “manifest error rule” was formulated, and under that doctrine we are of the opinion that the decision of the *180 trial judge on issues clearly factual is correct and should be affirmed. Richard v. National Union Fire Insurance Co. of Pittsburgh, 189 So.2d 460 (La.App. 3d Cir. 1966).
For the foregoing reasons, the judgment of the lower court is hereby affirmed, the plaintiff-appellant to bear the costs of all proceedings.
Affirmed.