MILLER, Judge.
Gabriel Comeaux seeks total and permanent workmen’s compensation benefits from his employer D. & A. Construction, Inc., alleging that he was injured on the job on August 30, 1967. The trial court rendered a carefully reasoned opinion im *130 mediately following the trial, holding that plaintiff failed to prove that he sustained an accident while employed by defendant. From this judgment plaintiff has appealed.
Plaintiff did prove that he was totally and permanently disabled, but there was substantial medical testimony which related plaintiff’s condition to an injury sustained from a direct blow rather than to a straining injury as described by plaintiff. And in this connection there was testimony in the record to indicate that plaintiff’s car fell on him as he worked on it and that this accident occurred a few days before August 30, 1967.
Although plaintiff had made accident reports to this defendant on both of his com-pensable accidents which occurred within the previous four years and which resulted in substantial workmen’s compensation settlements, plaintiff never reported this accident.
Although this alleged accident occurred early in the day of August 30th, plaintiff continued on the job and worked for eleven hours that day as a roustabout. On August 31st, he worked twelve hours. On September 1st, eleven hours, and on September 2nd, eight hours. The entire crew was off until September 6th for the long Labor Day weekend, but on September 6th plaintiff and the entire crew worked nine hours. Plaintiff claimed that he wasn’t able to do any heavy work after the alleged accident, but the accounts of plaintiff’s co-workers were to the contrary.
Plaintiff testified that on the day of the accident he told his co-worker, Clifford Schexnaider, that he had hurt his back. Schexnaider emphatically denied this. And plaintiff admits that he didn’t tell any other co-worker about the alleged accident. One of the co-workers was his brother.
Plaintiff testified that the accident occurred when he was lifting one end of a 4-inch pipe which was approximately 35 to 41 feet long. Other witnesses were of the opinion that one man could not lift such a pipe, and furthermore denied that it was ncessary to lift the pipe to perform plaintiff’s job. All stated that the lifting was performed by a winch provided for that purpose and admittedly manned by a coworker at the time of the alleged accident.
There was a direct conflict in the testimony of the witnesses as to whether an accident occurred. The trial judge evaluated the credibility of these witnesses and resolved this conflicting testimony in favor of defendant, as he so clearly explained in his opinion. As held in Richard v. National Union Fire Insurance Co., La.App.3d Cir., 189 So.2d 460, at 462:
“In the final analysis, our decision is based on the fundamental rule of appellate review that a factual determination of a trial judge or jury will not be disturbed in the absence of manifest error. And this rule is particularly applicable where the testimony is conflicting and the trial court must evaluate the credibility of the witnesses.” (Citations omitted.)
 The only other legal question before the Court is the extent to which the unsupported testimony of the plaintiff in a workmen’s compensation case suffices to prove that the pWintiff suffered a disabling injury in the course of his employment. As held in Setliff v. Vaughn, La.App.3d Cir., 198 So.2d 178, at 179:
“Under our law, an employee claiming workmen’s compensation benefits has the burden of proving by a preponderance of the evidence that he suffered a disabling accidental injury arising out of and in the course of his employment. The testimony of the compensation claimant alone may be sufficient to sustain this burden of proof when there are corroborating circumstances and in the absence of testimony seriously discrediting the account of the accident furnished by the claimant.” (Emphasis added and citations omitted.)
*131 We are in complete agreement with the holding of the trial judge and affirm the decision. All costs are to be paid by plaintiff-appellant.
Affirmed.