MILLER, Judge.
Plaintiff appeals from a jury verdict in an intersectional accident case. Recovery was denied on a finding of contributory negligence.
Mrs. Kathleen J. McWard sought damages for personal injuries and medical expenses against Paul R. Duplechain, who was uninsured, and against McWard’s uninsured motorist carrier, Allstate Insurance Company. It was stipulated that Allstate had paid Mrs. McWard’s medical expenses pursuant to medical pay provisions of her policy. The action against Allstate was therefore limited to Mrs. McWard’s claim for bodily injuries. Allstate filed a third party action against Duplechain seeking to recover any amount for which Allstate might be cast.
The jury handed down its decision on January 30, 1969 holding that both Duple-chain (by a 9 to 3 vote) and McWard (by a 10 to 2 vote) were negligent and the negligence of each was a proximate cause of the accident. Judgment was therefore rendered in favor of defendants.
The accident occurred at the intersection of Sale Road and Nelson Road just southwest of the city limits of Lake Charles, at about 10:20 a.m. on Easter Sunday, April 14, 1968. The weather was clear and both blacktopped streets were dry.
Mrs. McWard was driving her 1966 Buick Wildcat east on the favored street, Sale Road, and Duplechain was driving north on Nelson Road. Duplechain and a disinterested witness testified that Duple-chain was driving west on Sale Road prior to the accident. But photographs taken by the investigating officers shortly after the *196 accident, show skid marks and damage to the two vehicles which establish that Duple-chain was northbound at the time of impact. Allstate argues that the evidence as a whole, makes it “inconceivable that the accident could have occurred in any * * * manner * * * ” other than that Duplechain had been driving north on Nelson. Duplechain failed to stop his 1962 Chevrolet sedan for the stop sign, which required northbound traffic to stop before entering the intersection. His negligence was a proximate cause of the accident.
At impact the front left tire of Mrs. McWard’s Buick was approximately two feet north (left) of the centerline of Sale Road and one car length of skid marks starting in her lane of traffic had been laid down by the Buick before impact. The entire front of the Buick struck the left side of the Chevrolet, with major damage to the Buick located on its right front. The major damage on the Chevrolet was located just in front of or at the rear wheel, with substantial damage showing on the left front door. The Chevrolet was spun around counterclockwise causing its right rear end to strike a telephone pole located approximately 10 feet northeast of the northeast corner of the intersection. The movement of the rear end of the Chevrolet at that time was counterclockwise and the entire rear of the Chevrolet was pushed about two feet out of line to' the left. The Chevrolet came to rest in the ditch near this telephone pole, facing southeast. After impact, the Buick continued in an east northeast direction and came to rest facing east northeast in the north ditch, six car lengths from the point of impact.
On the issue of contributory negligence, Mrs. McWard’s testimony, standing alone, would clear her of negligence. But there is persuasive evidence to the contrary.
Mrs. McWard testified that she was driving the posted speed limit of 40 miles per hour when she saw Duplechain approaching from her right at a slow rate of speed; that as Duplechain reached the intersection he gave the appearance of slowing to stop for the stop sign, but at the last second, Duplechain rolled into the intersection when she did not have time to avoid the collision.
However, the photographs in evidence suggest that Mrs. McWard was driving at a speed substantially in excess of 40 miles per hour. On cross-examination, Mrs. Mc-Ward was not impressive in her denial that she had been exceeding this speed. The photographs and Duplechain’s testimony support the finding that Duplechain did not slow to stop for the intersection.
The jury had before it evidence to substantiate defendants’ specific plea alleging her contributory negligence through excessive speed contributing to the accident. See Davis v. Bankston, 192 So.2d 614 (La.App. 3rd Cir. 1966); Hand v. Reid, 169 So. 2d 406 (La.App. 3rd Cir. 1964).
It is well established that the jury’s findings of fact, particularly those involving credibility of witnesses, will not be disturbed on appeal unless clearly erroneous. There was sufficient evidence, if accepted by the jury, to support or to reject the finding of contributory negligence by Mrs. McWard. It was a decision within the province of the jury and will not be disturbed on appeal. Davis v. Bankston, 192 So.2d 614 (La.App. 3rd Cir. 1966); Richard v. National Union Fire Ins. Co. of Pittsburgh, Pa., 189 So.2d 460 (La.App. 3rd Cir. 1966).
The trial court’s judgment is affirmed. All costs are assessed against plaintiff-appellant.
Affirmed.