MILLER, Judge.
Defendants Calcasieu Parish Police Jury and its insurer U.S.F. & G. appeal the judgment awarding workmen’s compensation benefits for total and permanent disability to plaintiff J. D. LeDoux. LeDoux answered the appeal seeking to reverse the trial court’s denial of his claim for penalties and attorney fees. We affirm.
LeDoux’s ruptured disc at the L-3 L-4 level was diagnosed by myelogram and treated by Chymonucleolisis, a chemical method of repairing a ruptured disc. Although defendants contested LeDoux’s claim of total and permanent disability at trial, that has been conceded for purposes of this appeal. Appellants contend the trial court was manifestly wrong in finding LeDoux sustained an accident in the course and scope of his employment.
LeDoux was 35 years of age, married, and supporting his wife and four children at the time of the alleged accident. He had worked for the parish as a mechanic for two years and eight months and was a valued employee. One of his superiors had recommended him for promotion to foreman. LeDoux also had a good work record prior to his employment with the parish.
Some eight years before this accident, LeDoux received a workmen’s compensation settlement for a back injury. While employed by the parish LeDoux reported several minor accidents all of which required immediate medical attention. Some eighteen months before the alleged accident which is the subject of this suit, Le-Doux suffered a back injury. He was off work for about two months and was unable to obtain payment of his medical expenses and weekly benefits until he employed an attorney. Although there was no suit or settlement, these benefits were eventually paid and LeDoux returned to work.
The alleged accident which is the subject of this claim occurred August 26, 1974, but LeDoux did not report the accident while at work. He testified he was lying on a creeper beneath the truck removing the “rear end.” It suddenly came out, and in attempting to hold its weight of 200-350 pounds, LeDoux says he injured his back. He testified he rested under the truck for a few minutes to allow the pain to pass and then continued his attempt to complete the day’s work. He punched out thirty minutes early and testified he went home to go to bed. About 10 p.m. he was unable to walk to the bathroom and was taken to the hospital. He was admitted to the emergency room shortly after 11 p.m. the night of the alleged accident. He told his. wife to telephone his employer the next ■morning to report his hospitalization. She did, but defendants contend LeDoux’s wife inferred that LeDoux was in the hospital as a result of an accident which occurred while LeDoux was working on his own car *389 at home. This argument was rejected by the trial court. LeDoux’s hospital admission record shows his admission to be related to workmen’s compensation. Defendants admitted Mrs. LeDoux’s telephone call did not state her husband was injured at home. They arrived at this conclusion because of Mrs. LeDoux’s statement that her husband was supposed to work on their car that afternoon. There is no evidence indicating LeDoux worked on their car- that day.
Testimony by several witnesses indicates the parish learned on the day following the alleged accident that LeDoux was claiming workmen’s compensation benefits. The parish promptly notified the hospital of their position that LeDoux did not suffer a compensable accident and they refused to authorize payment of the hospital bills. The hospital notified LeDoux of his pend- ■ ing removal to Charity Hospital and Le-Doux then employed his attorney. His attorney made demand on the parish some three days after the accident and detailed the manner in which the accident occurred. The parish maintained its position and still contends LeDoux did not sustain an on the job accident.
Defendants contend they have assumed the burden and proved LeDoux did not sustain an accident while in the course and scope of the parish’s employment. Defendants rely on these facts: — 1) LeDoux did not report the accident, nor did he tell anyone on the job about it when he left work early. 2) When LeDoux’s wife telephoned the foreman the next morning to report LeDoux’s hospitalization with a back injury, she gratuitously added that he had come home to work on her car but had not actually worked on the car. 3) LeDoux’s co-employee and good friend, Steve Dug-gan, testified that several days after the accident LeDoux told him a different version, i. e., that LeDoux had removed the rear end from the truck and it was sitting on a drum used as a workbench. When the rear end started to fall LeDoux reached and grabbed it and hurt his back.
Suit was filed within a month and the protracted four day trial was concluded and the case decided within three months of the alleged accident.
A careful study of the 5 volume 950+ page record does not establish manifest error in the trial court’s conclusions. As the trial court noted, “(T)o state that the testimony is conflicting in this case is to put it mildly.” After reviewing several differences and considering the discrepancies, including hospital records, testimony of doctors, the trial court concluded Le-Doux proved he sustained an injury on the job. The trial court reached this conclusion “by weighing the pros and cons of all the testimony, and finds that the weight of the evidence tips the scales in favor of the plaintiff, however slight that may be.”
The parties have written detailed and well documented briefs pointing up testimony which supports their version of the facts. We have carefully considered the evidence and their arguments and fail to find manifest error.
The issue on appeal is whether LeDoux’s version that he was injured in the course and scope of his employment is to be accepted or rejected. In making his determination the trial court evaluated the conflicting testimony and weighed the accepted testimony. It is a fundamental rule of appellate review that the trial judge’s factual determination will not be disturbed absent manifest error. And this rule is particularly applicable where the testimony is conflicting and the trial court must evaluate the credibility of the witnesses. Breaux v. Great Atlantic & Pacific Tea Co. Inc., 302 So.2d 672 (La.App. 3 Cir. 1974); Comeaux v. D & A Construction, Inc., 220 So.2d 129 (La.App. 3 Cir. 1969); Richard v. National U. P. F. Ins. Co. of Pittsburgh, Pa., 189 So.2d 460 (La.App. 3 Cir. 1966).
In rejecting LeDoux’s claim for penalties and attorney’s fees, the trial court *390 found defendants had “more than ample evidence to question whether the plaintiff was entitled to compensation or not.”
Plaintiff ultimately prevailed by persuading the court defendants were mistaken, not that they had no reasonable argument. Defendants were not therefore arbitrary and capricious. They had relevant information. This was not the unreasonable denial without basis which the penalty statute sanctions.
■' The trial court judgment is affirmed at appellants’ costs.
Affirmed.