MILLER, Judge.
Defendants, Travelers Indemnity Company and its insured Sherwood Homes, Inc., appeal the award of total and permanent workmen’s compensation benefits to plaintiff Love Williams. We affirm.
The thirty-nine year old, semi-literate, inarticulate, male plaintiff worked for Sherwood Homes for six years. During all this time he was a good employee and assembled and installed axles and wheel units for mobile homes. This was hard manual labor requiring full use of both hands to handle the 150 pound assemblies. Prior to the accident which is the subject of this litigation, Williams suffered three accidents. An “I” beam fell on his right hand causing a little cut; paint got in his eye; and he hurt his back. There was no lost time related to the first two accidents, and almost no lost time related to the back injury.
On Friday, January 18, 1975, after some four hours on the job during which he assembled and installed some six wheel assemblies, Williams’ left wrist gave way while he was attaching a wheel assembly. He suddenly lost use of his left hand and his drooping wrist was observed by all his coemployees. They had never seen this condition before. Sherwood Homes’ foreman promptly took Williams to the doctor and Williams has not worked since that date.
Williams’ condition has been diagnosed as radial nerve palsy and defendants contend this was developmental in nature and did not result from trauma or a job related accident. Defendants contend the trial court erred in finding Williams proved an “accident” under workmen’s compensation law.
Defendants point to Williams statements and his medical histories in which he was unable to explain what caused his left hand to suddenly give way. Williams repeatedly stated he was not struck by anything during his four hours work on January 18th. Williams’ statements and medical histories to the effect that he was not injured on the job were within the context that he was not struck by anything. Instead he consistently stated he could not account for the fact that his left hand suddenly drooped and has been of no use to him since that occurred on the job. We ultimately hold no manifest error in the trial court holding that the on the job sudden onset of his disability constituted an accident.
When Williams awoke on the morning of January 18 his left hand tingled like it was still asleep, but this went away before breakfast. His foreman testified that during the week of the accident Williams had made two complaints on different days reporting he did not have complete feeling in his left hand. Defendants contend this evidence supports their position that Williams’ disability is not related to an accident.
This argument was rejected because until the moment the left hand dropped the assembly Williams performed all the duties of his employment without help. Williams performed hard manual labor every work day for at least a week before the accident and for several hours before his wrist became useless on January 18. Williams explained that while he was trying to hook up the middle axle of a three axle assembly, something went wrong with his left *758 arm: — “It just felt like something was coming loose up in there ...” Tr. 65. There is no manifest error in the trial court’s finding that this testimony and the surrounding supporting facts proved the accident.
One medical expert concluded there was a causal connection between the sudden onset of Williams’ disability and his January 18 work which consisted of heavy lifting and straining with his arms. The other expert differed. The experts agreed that Williams’ working conditions alone would not have caused his disability. But both agreed that a stretch or traction type injury could precipitate or aggravate the developmental condition.
In his written reasons the trial court carefully reviewed the evidence and jurisprudence. In his opinion and after reconsideration on defendants’ application for rehearing, the trial court held Williams proved an “accident” under the workmen’s compensation statute as interpreted by the jurisprudence and his disability resulted from the accident. We fail to find manifest error in the trial court’s factual determination and application of the law.
The trial judge applied the three part test set forth in Ferguson v. HDE, Inc., 264 La. 204, 270 So.2d 867 (1972). The injury is accidental if 1) it is unexpected and unforeseen; 2) it happened suddenly and violently; and 3) it produced objective symptoms of the injury at the time of the accident. Specifically noted was the fact that it is not necessary for claimant to establish “some blow or trauma, but it would be sufficient that the employee suffer violence to the physical structure of the body.” Ferguson, supra, where claimant recovered compensation when he suffered a stroke on the job. See also, Gorbach v. Prager, Inc., 310 So.2d 604, 606 (La.1975).
The complete loss of use of Williams’ left hand was unexpected and unforeseen; it occurred on the job suddenly and violently, for it resulted in his dropping the assembly; and everyone on the job observed Williams’ total inability to use his left hand after the incident. The foreman immediately took Williams to the doctor and Williams has been disabled from that time.
Defendants appellants contend a different result is required by the holding in Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The court there required the causal connection to be more probable than not. In Prim, the trial court, the court of appeal, and the supreme court each rejected claimant’s argument that his stroke was job related. The facts in that case supported the finding, and we distinguish Prim on the facts.
 The employer takes his employee as he finds him. It is not important that the employee’s diseased or weakened condition might alone have eventually produced the disability. An employee’s disability is fully compensable when precipitated by an industrial accident, even though also caused by a contributing, pre-existing, dormant physical condition. Kennedy v. Calcasieu Paper Company, 262 So.2d 800 (La.App. 3 Cir. 1972). The disability of a workmen’s compensation claimant is presumed to have resulted from an accident if before the accident the injured person was fully capable of performing his work. Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3 Cir. 1973).
Appellants seek to reverse the trial court’s determination of credibility as to plaintiff and his witnesses. Appellants contend their testimony is vague, implausible, and inconsistent. We will not reverse the trial court’s determination of credibility absent manifest error. LeDoux v. Calcasieu Parish Police Jury, 326 So.2d 387 (La.App. 3 Cir. 1976). Appellants have failed to carry that burden.
The trial court judgment is affirmed at appellants’ costs.
AFFIRMED.