SAMUEL, Judge.
Plaintiff instituted this suit against his employer and his employer’s compensation insurer for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act. After a trial on the merits, judgment was rendered in favor of the defendants, dismissing plaintiff’s suit at his cost. Plaintiff has appealed.
Our settled jurisprudence is that in a compensation case, as in other cases, the plaintiff bears the burden of proof; he is required to establish his claim by a reasonable preponderance of the evidence.[1]
The issues presented are whether plaintiff has carried his burden of proving: (1) he sustained injury by an accident arising out of and in the course of his employment; and (2) if such an accident did occur, the injuries resulting therefrom were disabling under the statute.
The only evidence contained in the record relative to the occurrence of the accident is the testimony of plaintiff himself and that of his wife. He testified: On June 3, 1976, while working as a truck driver for Ecoff, he delivered a load of molasses to the Y. & S. Candy Company in Moline, Illinois. In attempting to take a molasses sample from the top of the tank truck, he climbed a defective ladder and fell “head first on the concrete”. He was unconscious for some time and was assisted thereafter by several workmen who were repairing the street. He then proceeded to unload the truck. While unloading he made several collect calls to Ecoff’s LaPlace, Louisiana terminal but received no answer. After completing his duties in Moline, he drove to Peoria, Illinois, where he again attempted to call the LaPlace terminal, but got no answer. He stayed at Peoria for about eight hours and went to Clarksville, Indiana, where he dropped the trailer and tried to phone Ecoff at their main office at Fordville, Indiana, but again received no answer. From there he went to Jackson, Tennessee, where he again phoned Ecoff, but was unable to reach anyone. He stayed at Jackson for eight hours and drove to Vaiden [sic], Mississippi, where he called the Fordville and LaPlace offices of Ecoff without receiving an answer. On Sunday, June 5, he drove into the LaPlace terminal. No one was there, so he phoned his wife to pick him up and tried to call Mr. John Cosían, his supervisor, at the latter’s home but was unable to reach him. The following morning, Monday, he talked to Cosían at the terminal, telling him about the accident and stating he needed a doctor. Cosían told him that Mr. Ferrell (the company vice president) would be there on Wednesday and to wait until that time. He had suffered with a severe headache and a nose bleed in Peoria and when he arrived back in LaPlace on Tuesday he called a Dr. Palmer and went to the Eye, Ear, Nose and Throat Hospital in New Orleans. On Wednesday he went to the LaPlace terminal and spoke with Ferrell and Jim Ecoff, the company safety director. On Thursday he went to see Dr. R. J. Sanders. He later saw a Dr. Ganu-cheoux, and Dr. Ureta and subsequently was hospitalized and underwent surgery at East Jefferson Hospital.
On cross examination plaintiff admitted he did not make any entry in his log indicating an accident on June 3, 1976 and it was further established that plaintiff was ordered to drop the trailer off at Clarks-ville, Indiana but instead he left it at Tusco-la, Illinois, and attempted to charge the company mileage for having left it at Clarksville.
The plaintiff’s wife testified she received a telephone call from her husband on Sunday, June 5 (we note that June 5, 1976 was a Saturday). He requested that she have someone pick him up at the LaPlace termi *936 nal because he had been injured. She and their son drove to the terminal and helped plaintiff get out of the truck. He had some blood on his shirt and told her he had fallen off a truck. Then she admitted he drove the car and the son drove the truck.
Plaintiff claims at the time of the accident one of the men from the road crew who assisted him tore off a trip report sheet from Ecoff Trucking, Inc. and wrote on the back thereof. The trip report was offered in evidence. The handwriting thereon reads: “On the third day of June I saw the driver of a Tank truck fall from the top of the tank believe Y. & S. Candy Company Tank No. 589, Tractor No 678.” It is signed “Randy Smith, Glude Washington, Strde fountain, A. S. Conwell. Monline, Illinois.” No addresses are given and all of the writing, including signatures appear to be in the same handwriting.
In further support of his claim, plaintiff introduced the deposition of Russell Williams of East Moline, Illinois, an electrician and maintenance man at the Y. & S. Candy Company plant at the time the alleged accident occurred. Williams knew plaintiff by sight, but could not identify him by name. He knew plaintiff had delivered molasses on June 3, 1976 but knew nothing whatsoever about any accident. To the best of his knowledge no one at the plant had any knowledge of the alleged incident until someone from the insurance company came at a later date to attempt to take a statement. At that time Frank Krohn, employed by Y. & S. Candy Company, stated he remembered a man coming in and saying he fell off a truck but he was unable to tell who the man was.
Plaintiff did not attempt to depose Frank Krohn nor was Krohn called as a witness.
Defendant introduced the testimony of John Cosían, Ecoff’s terminal manager at the time of the accident, Wayne Turner, an Ecoff truck driver, and Robert Ferrell, vice president of traffic and sales for Ecoff. Their testimony was generally to the effect that someone is available to answer the telephone at the trucking company on a 24 hour basis; in fact, the LaPlace terminal has three telephone lines just for that purpose. Cosían stated that on June 2, 1976 plaintiff left from LaPlace for Moline, Illinois. He was next seen by Cosían on Saturday, June 5,1976 at which time plaintiff did not indicate any injury, nor that he was feeling ill. Cosían did not see plaintiff’s wife at the plant. On the following Monday, June 7, Cosían called plaintiff to do some work but plaintiff declined, claiming he felt dizzy. He gave no indication of having suffered any injury in Moline, Illinois. The following day plaintiff arrived at the terminal and spoke with Cosían and Ferrell asking to be excused from scrubbing down his unit with Ferrell because he was dizzy, under a doctor’s care and on medication. At no time did he disclose an incident in Moline. On the following day, June 9, Cosían again called plaintiff to work and plaintiff again declined. Ferrell contacted plaintiff by phone to discover the name of the doctor he was allegedly seeing. Plaintiff gave him the name of Dr. Sanders on Jefferson Highway claiming to have been treated by the doctor for dizziness. Upon inquiring at the office of Dr. Sanders, Ferrell discovered plaintiff had not visited the doctor that week. On Thursday, June 10, 1976, Ferrell phoned the plaintiff telling him the results of his conversation with Dr. Sanders’ office and informed plaintiff that his employment would be terminated if he could not produce doctor bills or receipts to substantiate his stories of the visits. Plaintiff complained only of dizziness and ear trouble and never told the defendant witnesses about an accident in Illinois. On Thursday afternoon plaintiff arrived at the terminal. He was unable to produce any doctor bills or receipts. He arrived staggering and was fired. About a week and a half after he was fired, plaintiff first notified Cosían and Turner that he had been injured in an accident in the course of his employment in Moline, Illinois.
A careful study of the record does not establish manifest error in the trial court’s conclusion. He found plaintiff had failed to produce one witness to confirm his accident and did not give a history of the accident to *937 any physician until after he was fired. The trial court further pointed out that the parties had more than one month’s knowledge of the existence of Frank Krohn, who allegedly witnessed the accident, yet Krohn’s deposition was never taken nor was he called as a witness.
Plaintiff claims they were unable to depose Krohn for lack of funds. Inasmuch as Mr. Krohn was still employed by Y. & S. Candy Company at the time the deposition of Russell Williams was being taken in Mo-line, it should have been a very simple, inexpensive process to depose Mr. Krohn at that time.
The first issue on appeal is whether plaintiff’s claim that he was injured in the course and scope of his employment is to be accepted or rejected. In making his determination, the trial court evaluated the conflicting testimony and weighed the accepted testimony. It is a fundamental rule of appellate review that the trial judge’s factual determination will not be disturbed in the absence of manifest error. This rule is particularly applicable where the testimony is conflicting and the trial court must evaluate the credibility of the witnesses.[2] Here, there is sufficient evidence to furnish “a reasonable factual basis for the trial court’s finding.”[3]
We find it unnecessary to discuss the second issue, whether plaintiff is disabled. Compensation cannot be recovered for disability allegedly resulting from an accident in the absence of sufficient proof that the accident arose out of and in the course of plaintiff’s employment.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1; Nickelberry v. Ritchie Grocer Co., 196 La. 1011, 200 So. 330; Hughes v. Chrysler Corporation, La.App., 216 So.2d 636.

. LeDoux v. Calcasieu Parish Police Jury, La. App., 326 So.2d 387; Breaux v. Great Atlantic & Pacific Tea Co., Inc., La.App., 302 So.2d 672; Comeaux v. D. & A. Construction, Inc., La. App., 220 So.2d 129; Richard v. National U.P.F. Ins. Co. of Pittsburgh, Pa., La.App., 189 So.2d 460.

. Canter v. Koehring Company, La., 283 So.2d 716, 724.