502 So.2d 223 (1987)
Franklin KEYES, Plaintiff-Appellee,
v.
ROCKWOOD INSURANCE COMPANY, et al., Defendants-Appellants.
No. 86-202.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*224 Michael W. Fontenot, Lafayette, for defendants-appellants.
James T. Lee, Marksville, for plaintiff-appellee.
Before DOUCET, LABORDE and KING, JJ.
DOUCET, Judge.
On January 17,1985, while in the employ of Edwards Logging Company, a large limb approximately 4"5" in diameter, fell from a tree and struck plaintiff in the facial area. As a result of the accident, plaintiff suffered injuries including multiple scars on the nose and forehead.
Subsequent to the accident, plaintiff was taken to Hardtner Medical Center and then transferred to Rapides General Hospital. While at Rapides General, plaintiff was treated by Dr. James White. Dr. White diagnosed plaintiff as having comminuted frontal sinus fracture, nasal fracture, cerebral concussion, lacerations, contusions and abrasions.
After the swelling around plaintiff's face was reduced, Dr. White performed an open reduction of nasal fracture. Dr. White treated plaintiff for approximately three weeks and allowed him to return to light duty work. Dr. White set up a return appointment for him in three months in order to follow up on his condition.
Plaintiff received payments from his employer, Leo Edwards Logging Company while in convalescence. Leo Edwards Logging Company is insured by Rockwood Insurance Company. Yolanda Gransberry adjusted the claim for Rockwood. Ms. Gransberry testified that she opened a "medical only" file on plaintiff after having been told by Leo Edwards that plaintiff would be shortly returning to work. After receiving a note from Dr. White returning plaintiff to work, Ms. Gransberry closed the file. No further inquiries were made by Ms. Gransberry of plaintiff's condition.
Following plaintiff's termination from employment with Edwards Logging Company, he began working with Homer Tolbert. Mr. Tolbert eventually had to phase plaintiff out of the job because he could not keep up with the work due to headaches and dizziness. After plaintiff left the employ of Mr. Tolbert, he obtained another job with James Wells. Once again, because of plaintiff's poor physical condition, he was let go from this job.
In September of 1985, Dr. John Lemoine examined plaintiff and concluded that he was suffering from post traumatic syndrome. Dr. Lemoine opined that this condition was related to the injury of January 1985 and that plaintiff should not work. Dr. Lemoine sent Rockwood a report which reflected his findings. Ms. Gransberry received the report and did not read it until the date of trial.
Plaintiff was referred by Dr. Lemoine to Dr. Steven Snatic, a neurologist. Dr. Snatic saw plaintiff on several occasions and initially felt that plaintiff could return to work as long as he took his medication and did not overmedicate himself. Dr. Snatic later changed his opinion based upon a later visit and stated that plaintiff would have to be the judge as to whether he could continue to work. Dr. Snatic told plaintiff *225 that if he felt it unsafe to work, then he should not continue.
Dr. Snatic referred plaintiff to Dr. Montgomery, an Eye, Ear, Nose and Throat Specialist. Dr. Montgomery found plaintiff to have an obstructed nasal passage and recommended surgery in order to alleviate the problem.
Trial of this matter was held on Friday, December 9, 1985. The court awarded temporary total disability benefits in the amount of $248 per week beginning from the date of the accident (January 17, 1985). The court added that the payments were to continue during the entire period of his disability. The trial court also awarded any and all medical expenses for expenses incurred in connection with the injuries sustained from the accident. Further, the judge ordered an award of compensation in disfigurement in the amount of 100 weeks at $248 per week with credit for any temporary total benefits paid. From a judgment rendered in favor of plaintiff, defendants appeal claiming eight (8) assignments of error.

ASSIGNMENT OF ERROR NUMBER 1
"The trial court committed error when it found that plaintiff, Franklin Keyes, was temporarily totally disabled from January 17, 1985 and continuing thereafter."
Defendants in the above assignment of error contend that the trial court erred when it found plaintiff temporarily totally disabled. Defendants base this contention on the fact that plaintiff has demonstrated that he is capable of returning to the same or similar occupation. We disagree with this contention.
La.R.S. 23:1221(1) in pertinent part provides as follows:
"Compensation shall be paid under this chapter in accordance with the following schedule of payments:
(1) Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training or experience, sixty-six and two-thirds percent of wages during the period of such disability."
Plaintiff attempted to return to the same occupation. These attempts were unfortunately unsuccessful. In each of the jobs that he sought to undertake after the accident, he could not keep up with the other workers due to headaches and dizziness. As a result of his physical incapacities, his employers were forced to let him go. While plaintiff did attempt to continue working, this court cannot hold it against him for trying to meet his economic needs.
In Bernard v. Merit Drilling Co., 434 So.2d 1282 (La.App. 3rd Cir.1983), the plaintiff was injured while on the job and sought Worker's Compensation benefits. The court awarded plaintiff temporary total disability payments. The plaintiff, like the plaintiff in the instant situation, attempted to return to work and was unsuccessful in his attempts. The court, in Bernard, supra, did not view this attempt as evidence of his ability to engage in gainful occupation. Instead, the court awarded him temporary total disability and included in its award, the period of time that plaintiff attempted to work. It follows, that Mr. Keyes, like the plaintiff in Bernard, supra, should not be disallowed compensation because of his work attempts. Instead, plaintiff should be awarded the compensation. Thus, we conclude that the trial court correctly awarded the compensation and affirm the portion of the trial court judgment which reflects same.
Defendants, in their first assignment of error, also contend that the medical evidence presented at trial does not support the conclusion that plaintiff is unable to return to work. We do not agree with this contention.
Plaintiff was seriously injured when a tree limb fell on him. Several injuries resulted from this accident, one of which is a *226 head injury which continues to give him problems. Dr. Stephen Snatic is of the opinion that only plaintiff is aware when he is suffering from headaches and dizziness, thus, he is in the best position to determine if it is unsafe for him to work. Dr. Snatic opined that if plaintiff felt that it was unsafe to work, then he should cease working. After several failed attempts, plaintiff felt that it was unsafe for him to continue. Additionally, Dr. John Lemoine examined plaintiff and concluded that he was suffering from post traumatic syndrome. Dr. Lemoine opined that the condition was related to the accident and that plaintiff should not continue to work.
The foregoing demonstrates that there is medical evidence which supports the conclusion that plaintiff is temporarily totally disabled. While Drs. Montgomery and White did not see any reason why plaintiff could not continue working, the trial judge chose to give more weight to the testimony of Drs. Lemoine and Snatic. After carefully reviewing the evidence in this case, we conclude that the portion of the trial court judgment finding plaintiff temporarily totally disabled was not manifestly erroneous or clearly wrong. Thus, we will not disturb these findings.

ASSIGNMENT OF ERROR NUMBER 2
"The trial court committed error when it awarded disfigurement benefits under R.S. 23:1221(4)(P)."
La.R.S. 23:1221(4)(p) provides in pertinent part as follows:
"In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured... compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded."
Defendants contend that the trial court should not have awarded plaintiff disfigurement benefits under the above statute. Defendants maintain that the provision requires that plaintiff's scars be both materially disfiguring and permanent in nature. Defendants add that a slight or insignificant scarring which is not readily noticeable is not compensable. While we agree with the propositions of law that defendants cite, we find that plaintiff's disfigurement compensable.
Evidence was introduced at trial demonstrating several scars plaintiff received to his facial area from the accident. The accident not only caused scarring on his forehead, but also caused his nasal bone to be depressed. Drs. White, Snatic and Montgomery, in their depositions, testified that plaintiff was scarred from the accident. Dr. White added that plaintiff's scars would be long term. Thus, there was evidence introduced at trial which supports a finding that plaintiff was disfigured from the accident and that this disfigurement is long term if not permanent in nature.
The record before us contains medical reports and several photographs of plaintiff's face. Upon examination of the photographs we find, as did the trial judge, that the scarring on plaintiff's face is evident. Thus, because of the extent of plaintiff's scarring and the fact that the scarring will most likely be long term if not permanent in nature, we conclude that plaintiff's injuries are compensable under La.R.S. 23:1221(4)(p).

ASSIGNMENT OF ERROR NUMBER 3
"The trial court committed error when it awarded benefits to the plaintiff beginning January 17, 1984 and continuing to the present date, and without benefit of any offset of any compensation paid by Leo Edwards Logging Company, or any amounts earned by the claimant from January 17, 1985 to the date of trial."
In the foregoing assignment of error, defendants contend that they are entitled to an offset of any compensation paid by Leo Edwards Logging Company or any amounts earned by plaintiff from the time of the accident to the date of trial. It is well settled that an employer and his insurer are not entitled to credit for wages paid, against compensation due unless the wages *227 are unearned and may therefore be said to be in lieu of compensation. Basco v. State, through the Dept. of Corrections, 335 So.2d 457 (La.App. 1st Cir.1976). Thus, in order to address this assignment of error, it is necessary to separate the compensation paid to plaintiff into two categories: unearned compensation and earned compensation.
From the time of the injury to the time when plaintiff actually returned to work, three weeks elapsed. During these three weeks, plaintiff's employer, Leo Edwards Logging Company, paid plaintiff three checks. The first check, dated January 30, 1985, was for the amount of $300. The second and third checks dated January 30,1985 and February 9,1985, respectively, were for $250 each. The total of the three checks amounted to $800. This $800 is classified as unearned compensation since plaintiff was not actually working during this period of time. Because the $800 is classified as unearned compensation, Basco, supra, mandates that defendants are entitled to a credit for this amount. As such, we reverse the portion of the trial court judgment denying defendants an offset for the $800.
Plaintiff, after three weeks of convalescence, returned to work. Plaintiff continued to work for various employers until March 22, 1985. The wages that plaintiff received during this period of time were actually earned. Thus, these wages are classified as "earned wages". It is well settled that an employer and his insurer are not entitled to credit for wages paid against compensation due, unless the wages are unearned. Because the wages that plaintiff received during this period of time were not unearned, defendants are not entitled to an offset. Thus, we uphold the portion of the trial court judgment which reflects same.

ASSIGNMENT OF ERROR NUMBER 4
"The trial court committed error when it awarded plaintiff supplemental earnings benefits under R.S. 23:1221(3)."
Defendants contend in this assignment of error that the trial court was in error when it awarded supplemental earnings benefits. The trial court made no such award, thus, no further inquiry is necessary.

ASSIGNMENT OF ERROR NUMBER 5
"The trial court committed error when it taxed as cost of court court reporting deposition fees."
Defendants, in the above assignment of error, contend that the court reporting deposition fees should not have been taxed as a court cost. Defendants cite Sharbono v. H & S Construction Co., 478 So.2d 779 (La.App. 3rd Cir.1985) as support for this proposition. We do not agree with this contention. As correctly stated in plaintiff's brief, "This is a blatantly erroneous conclusion." Sharbono, supra, stands for the proposition that "The court may tax the expense of the taking of a deposition as court costs, if the deposition has been introduced into evidence." The depositions were introduced into evidence, thus, we conclude that the trial court properly taxed the expense of taking the depositions as a court cost. As such, we affirm the portion of the trial court judgment reflecting same.

ASSIGNMENT OF ERROR NUMBER 6
"The trial court committed error when it allowed the testimony of a surprise witness on the date of trial, Homer C. Tolbert, and then thereafter, based part of the court's decision upon the surprise witness to the prejudice of defendants."
Defendants in the above assignment of error contend that the trial court erred when it allowed Homer Tolbert, a surprise witness, to testify at trial. We do not agree with this contention.
It is well engrained in our law that the rules of evidence due to be liberally construed in workers compensation cases. In Andrews v. Pine Hill Wood Co., 426 *228 So.2d 196 (La.App. 2nd Cir.1982), the second circuit stated:
"The court shall not be bound by technical rules of evidence or procedure other than as herein provided ... LSA:R.S. 23:1317 reflects the legislature's intent, in compensation cases, to materially relax evidentiary and procedural rules and subordinate procedural considerations to the discovery of the truth and the protection of substantive rights."
Applying the principle as enunciated in Andrews, supra, to the instant situation, this court is of the opinion that the trial court did not err when it allowed Mr. Tolbert to testify. Although plaintiff's attorney did not specifically list Mr. Tolbert's name in the answers to interrogatories, he did indicate that a co-employee of plaintiff's would be called as witness. Thus, defendants had some indication of the nature of the testimony admitted into evidence. The trial court correctly subordinated procedural considerations to the discovery of the truth. Thus, we are of the opinion that this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 7
"The trial court committed error when it allowed as an expert witness, James Wayne Descant."
Defendants support this contention by citing cases which stand for the proposition that a photograph need not be identified by the person who took it to be admissible. Defendants add that because Mr. Descant's testimony was unnecessary, they should not be responsible for paying his witness fee.
Defendants, in the above assignment of error, contend that the trial court erred when it allowed Mr. Descant to testify as an expert witness. We do not agree with this contention.
La.R.S. 23:1317 provides in pertinent part:
"B) Costs may be awarded by the court, in its discretion, and when so awarded the same may be allowed, taxed and collected as in other civil proceedings."
Clearly, the above statute contemplates a court awarding costs in worker's compensation cases. The court has much discretion when deciding whether to grant such awards. Mr. Descant was the photographer who took plaintiff's pictures. As an expert, Mr. Descant was called to lay a proper foundation for the admission of the photographs into evidence. Plaintiff's attorney attempted to obtain a stipulation concerning the photographs but defendants' attorney refused. The trial judge obviously felt that it was proper to tax Mr. Descant's fee as a court cost. After reviewing the record, we do not find that he was manifestly erroneous or clearly wrong. Thus, we are not in a position to disturb his determinations on this matter.

ASSIGNMENT OF ERROR NUMBER 8
"The trial court committed error when it awarded duplicate benefits to the plaintiff for temporary total disability and disfigurement disability to run concurrently from the date of the accident."
Defendants, in the above assignment of error, contend that the trial court erred when it awarded duplicate benefits to plaintiff to run concurrently from the date of the accident. We disagree.
The trial court did not award duplicate benefits to plaintiff. Plaintiff was awarded temporary total benefits and disfigurement benefits. The trial court, in its opinion dated December 20, 1985, specifically stated that "two awards are not justified" and that disfigurement payments will be made concurrently with those awarded for temporary total disability." While double compensation is not allowed, our jurisprudence allows a claimant to receive each week the remedy which is more favorable for that week. Clearly, this is what the trial judge awarded plaintiff. Two payments were not awarded. Thus, this assignment of error lacks merit.

*229 CROSS-APPEAL
Plaintiff has filed a cross-appeal for penalties and attorney's fees. Plaintiff claims that he is entitled to penalties and attorney's fees based upon their arbitrary and capricious handling of this claim. We disagree.
La.R.S. 23:1201 and 23:1201.2 provide for payment of penalties and attorney's fees in certain situations where an employer or insurer denies payment to the claimant.
La.R.S. 23:1201 provides payment of penalties when the employer or insurer denies payment and the employee's right to such benefits is not "reasonably controverted."
Sub-section 23:1201.2 provides payment of attorney's fees when an employer or insurer arbitrarily or capriciously denies payment to the claimant.
The above statute clearly contemplates the payment of penalties when an employer or insurer denies payment to the claimant and the claimant's right to such benefits is not reasonably controverted, and attorney's fees when an employer or insurer arbitrarily or capriciously denies payment to the claimant. Thus, the crucial question is whether the action complained of is considered to be arbitrary or capricious or whether the right to the benefits is "reasonably controverted. The trial judge obviously found that Rockwood's actions were not arbitrary or capricious and that the employee's right to the benefits were reasonably controverted." The trial judge plaintiff attorney's fees. The trial judge stated in his opinion: "To some extent, Keyes' case has been ignored and badly handled by Rockwood. However, Keyes' claim for attorney's fees is denied." While we feel that Rockwood could have handled plaintiff's case with much more care, we are of the opinion that the trial judge's denial of penalties and attorney's fees was not so clearly wrong or manifestly erroneous so as to warrant reversal. Thus, we uphold the portion of the judgment denying the award of penalties and attorney's fees.
REVERSED IN PART; AND AFFIRMED IN PART.