HOOD, Judge.
This is a workmen’s compensation suit in which plaintiff claims benefits based on total and permanent disability. The suit was instituted against plaintiff’s employer and the latter’s workmen’s compensation insurer. After trial on the met its, judgment was rendered by the trial court condemning defendants to pay to plaintiff the sum of $364.00, as medical expenses, and all costs of the suit, but rejecting plaintiff’s demands for additional weekly compensation benefits. Plaintiff appealed. Defendants have answered the appeal, demanding that the judgment be reversed insofar as it condemns them to pay additional medical expenses and costs.
The evidence shows that plaintiff sustained an injury to his back on Saturday, February 17, 1962, while working as a laborer for defendant, Shelby McManus, in the latter’s abattoir and market. On that date, as plaintiff was lifting the carcass of a hog for the purpose of loading it into a scalding pit, he twisted his back and immediately experienced pain in the low back area. He continued to work the rest of that day, but he sought and received medical treatment on the following Monday, and he did not resume his employment for several weeks thereafter. He returned to work for the same defendant employer during the latter part of May, 1962, and he continued to work for him until the first part of September, 1962, although he performed somewhat lighter duties during that time than he had previously performed. He has not been employed and has performed no manual labor since this last mentioned date.
*865 Plaintiff was paid workmen’s compensation benefits at the maximum rate from the date of the accident until July IS, 1963, or for a period of about seventeen months. Defendants also paid him the sum of $567.40 as reimbursement of medical expenses incurred by him, but this does not include the reimbursement of amounts which plaintiff owes to Dr. A. E. Stanton, an osteopathic physician, for treatment of these injuries.
The issues presented on this appeal are: (1) Whether plaintiff has been disabled since July IS, 1963, as a result of the above mentioned accident; and (2) whether the trial court erred in condemning defendants to pay an additional amount as medical expenses, and to pay the costs of this suit.
The evidence shows that plaintiff was treated by two general practitioners within a period of three weeks after the accident occurred, neither of whom testified at the trial. A report submitted by one of them, however, which report was admitted in evidence by stipulation, indicates that plaintiff sustained a sacroiliac strain as a result of the accident, but that in the opinion of that original treating physician he had fully recovered and was able to resume his employment by March 10, 1962, or about three weeks after the injury was sustained. After being discharged by these original treating physicians, plaintiff consulted Dr. A. E. Stanton, an osteopathic physician, and was treated by Dr. Stanton on numerous occasions from March 19, 1962, until December 31, 1963. Dr. Stanton testified at the trial, but he expressed no opinion as to the nature of plaintiff’s injury or as to whether he was disabled as a result of the accident.
At the suggestion of this osteopathic physician, plaintiff was examined by Dr. James Gilly, an orthopedic surgeon, on five different occasions, the first examination being made on September 6, 1962, and the last on July 9, 1963. Dr. Gilly testified that in his opinion plaintiff probably sustained a combined lumbosacral and lumbodorsal strain, but that he had fully recovered from this injury and was able to perform his usual and customary work by July 9, 1963. The last examination by Dr. Gilly was made at the request of defendants, and the payment of compensation benefits to plaintiff was discontinued shortly after Dr. Gilly reported to them that plaintiff had fully recovered.
After the payment of compensation benefits was discontinued, plaintiff consulted Dr. R. E. Landreneau, Jr., a general practitioner, and has been treated by him since that time. Dr. Landreneau feels that plaintiff sustained a ligamentous tear in the low back area, with some evidence of nerve root compression and “probably a ruptured disc.” In his opinion plaintiff has been disabled from performing manual labor since the date of the accident. At Dr. Landren-eau’s request, however, plaintiff was examined by Dr. John D. Jackson, a neurosurgeon, who disagreed with Dr. Landren-eau as to the nature of the injury. Although Dr. Jackson was unable to make a definite diagnosis without a myelogram, to which plaintiff was unwilling to submit, he was firm in his opinion that plaintiff did not have a ruptured disc. He stated, however, “I suspect that he might have a protruding disc nodule causing his back pain and right lower extremity pain, plus some emotional overlay to it all.”
Plaintiff also was examined by Dr. H. R. Soboloff, an orthopedic surgeon, and by Dr. Richard W. Levy, a neurosurgeon, after the payment of compensation benefits had been terminated. Each of these experts testified that in his opinion plaintiff did not have a ruptured disc, that he was not disabled, and that he was able to perform work requiring heavy manual labor at the time examinations were made by them.
Our review of the evidence indicates, therefore, that of the seven doctors and one osteopathic physician who examined or treated plaintiff, only one, a general practitioner, testified that in his opinion plaintiff has been disabled since the payment of compensation benefits was discontinued. *866 The doctor who expressed that opinion did not examine or begin to treat plaintiff until about seventeen months after the accident occurred, and it appears to us that he bases his conclusion that plaintiff is disabled largely on the "probability” that he has a ruptured disc. Another doctor, a neurosurgeon, after specifically ruling out a ruptured disc, but not making any other final diagnosis, “suspects” that plaintiff might have a disabling condition which he de-cribes as a protruding nodule, but even if such condition exists he could not say whether it was traumatic in origin or was causally connected with the accident which occurred on February 17, 1962. All of the other experts who expressed an opinion as to the nature of the injury felt that plaintiff did not have a ruptured disc, and that he has not been disabled since July 15, 1963.
In a workmen’s compensation suit, as in other civil cases, the plaintiff bears the burden of proof, and he must establish his claim by a preponderance of the evidence and to a legal certainty. It follows from this that speculation, conjecture, mere possibility, and unsupported probabilities are not sufficient to support a judgment. Guillory v. New Amsterdam Casualty Company, et al., 244 La. 225, 152 So.2d 1.
In the written reasons for judgment which were assigned in the instant suit, the trial judge concisely analyzed the medical testimony, and then concluded:
“The Court is of the opinion that Plaintiff did suffer a compensable injury on February 17, 1962. The Court is also of the opinion that the injury suffered was a low-back strain, which had been corrected by July 15, 1963, and was no longer disabling Plaintiff from carrying on his usual occupation.”
We think the evidence supports the conclusion reached by the trial judge, and accordingly we find, as he did, that plaintiff had fully recovered from his injuries by the time defendants discontinued the payment of compensation benefits on July 15, 1963. In our opinion the trial court correctly rejected plaintiff’s demands for additional weekly compensation benefits.
Defendants, in answering the appeal, contend that the trial judge erred in rendering judgment in favor of plaintiff for the sum of $364.00, “representing the bill of Dr. A. E. Stanton incurred during the period from February 17, 1962, until July 16, 1963,” and in condemning defendants to pay all costs of court. No question appears to be raised by defendants as to the amount awarded as additional medical expenses, but they contend that they were not presented with a statement from Dr. Stanton before the trial, and for that reason that they should not be condemned by judgment in this suit to pay the amount of that bill or to pay the court costs. They particularly contend that the trial judge erred in assessing all court costs to the defendants.
The record shows that plaintiff’s employer, McManus, suggested to plaintiff that he go to Dr. Stanton for treatment, and he made the appointment with Dr. Stanton for plaintiff’s first visit. Dr. Stanton referred plaintiff to Dr. Gilly for a number of examinations, and it apparently was on the basis of Dr. Gilly’s final examination and report that defendants discontinued the payment of compensation. Also, in answering plaintiff’s petition, defendants admit that they had been informed that plaintiff was being treated by Dr. Stanton over a long period of time, and yet they denied liability for any further medical expenses over and above those which had been paid. And, finally, it appears from the record that defendants had received from Dr. Stanton at least six written reports as to plaintiff’s condition and the treatment which was being administered by him to plaintiff, which reports covered the period from August 8, 1962, until July 2, 1963, all of said reports being submitted prior to the time this suit was instituted. Under these facts, we find no merit to defendants’ argument that they *867 should be relieved of liability for Dr. Stanton’s charges and for court costs simply because they did not receive a bill from Dr. Stanton before the trial. See Milligan v. American Employers Insurance Company, La.App. 3 Cir., 124 So.2d 614 (cert. denied). In our opinion the trial court correctly condemned defendants to pay these additional medical expenses and all court costs.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.