AUGUSTINE, Judge.
Plaintiffs, Morris Jones and his guest passenger Robert Husband filed suit against Malone Freight Lines, Inc. and its employee Robert Swafford, Jr. to recover damages for personal injuries arising out of an accident which occurred on January 19, 1981 at about 4:00 p.m. in the City of New Orleans. The plaintiffs were proceeding in a southerly direction on South Broad Street in the far right lane. Robert Swafford was driving a tractor-trailer truck, owned by Malone Freight Lines, Inc. Swafford attempted to make a right turn from the center lane on South Broad Street into a driveway near the intersection of Tulane Avenue. Thereafter, the collision occurred when the plaintiff’s car was struck on the left front end by the tractor-trailer. The trial court found that the accident was caused by the defendant’s negligence in making a right turn from the center lane of traffic. The defendant Swafford appeals alleging that when there are two plausible views of the way the accident occurred, the case turns on the credibility of the witnesses and in this case the credibility of the plaintiffs was damaged by evidence of prior convictions. The defendant further alleges that the trial court committed manifest error in evaluating the credibility of the parties.
The trial court was aware that both plaintiffs had been convicted of felony *933 crimes. Robert Husband had been convicted of carnal knowledge of a juvenile and attempted armed robbery and Morris Jones had been convicted of armed robbery. While a prior conviction is admissible and is a factor to be considered in determining the credibility of a witness, a prior criminal conviction does not destroy credibility. It is a fundamental rule of appellate review that the trial judge’s factual determination will not be disturbed in absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). This rule is particularly applicable where the testimony is conflicting and the trial court must evaluate the credibility of the witnesses. Pounds v. Ecoff Trucking, Inc. and ABC Insurance Company, 365 So.2d 934 (La.App. 4th Cir.1978.)
Here, there is sufficient evidence to furnish “a reasonable factual basis for the trial court’s finding.” Canter, supra. The plaintiffs both testified that they were proceeding within the speed limit and with caution. The defendant failed to give a turn signal. Prior to the moment of impact plaintiff Jones applied his brakes. Diagrams drawn by both plaintiffs show the impact occurred in the right lane very close to the center lane of traffic. Defendant Swafford testified that he had to make the right turn from the center lane because a car was parked too close to the driveway for him to make the turn from the right lane. He also testified that he did not realize the car had been struck until witnesses in the parking lot started waving their hands, he stopped, and alighted from the truck. Swafford also testified that he did not see the car or feel the impact. The testimony by the parties is sufficient to support the trial judge’s factual determination that the defendant was negligent in making the right turn from the center lane.
Defendant’s second allegation of error concerns the testimony of Dr. Donald Gordillo. Defendant alleges that the doctor’s testimony was exaggerated and unsupported by any medical evidence. We find the deposition of the doctor supports the trial court’s award to Morris Jones for $575.00 in medical expenses and $2,500.00 pain and suffering, and it supports the award to Robert Husband for $445.00 in medical expenses and $3,000.00 pain and suffering. Therefore, this argument is without merit.
The testimony by all witnesses in the case support the trial court’s findings. The trial court’s award is hereby affirmed.