500 So.2d 850 (1986)
Cynthia LABEE
v.
LOUISIANA COCA COLA BOTTLING CO., LTD., et al.
No. 85CA1423.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
*851 Robert Tillery, Ponchatoula, for plaintiffappellant Cynthia Labee.
Michael R. Zsembik, New Orleans, for defendant-appellee La Coca Cola Bottling Co., et al.
Before EDWARDS, WATKINS and Le BLANC, JJ.
WATKINS, Judge.
This lawsuit arises from an automobile accident near Amite, Louisiana. The jury awarded plaintiff past medical expenses but no general damages or future medical expenses. Plaintiff appeals seeking general damages and future medical expenses. Defendant answered the appeal seeking to reduce the award of past medical expenses and expert witness fees, and contends the trial court erred in limiting its cross-examination of the treating chiropractor. For the following reasons we amend and affirm.

FACTS
The accident occurred on May 19, 1983, on Louisiana Highway 16, east of Amite. Plaintiff, Cynthia Labee, was stopped at a red light when a delivery truck owned by Louisiana Coca Cola Bottling Company, Ltd., and driven by Thomas Pecorraro, backed into the front end of the 1975 Ford LTD she was driving.
Plaintiff filed suit against Coca Cola, and its employee, Pecorraro, alleging injuries to her back, neck and chest. A jury trial was held on May 8, 1985, and the jury reached a verdict, answering eight special interrogatories. The jury found that the collision occurred as a result of the sole negligence of defendant. It found that the collision caused Ms. Labee "damages to her person," and awarded the following amounts:

Past pain and suffering............. $ 0.00
Future pain and suffering .......... $ 0.00
Past and future physical disability
 including impairment of physical
 functions......................... $ 0.00
Past medical expenses............... $4,272.00
Future medical expenses............. $ 0.00

A judgment was signed in conformity with the jury's verdict. Plaintiff filed a motion for judgment notwithstanding the verdict which was denied by the trial court. Defendant Louisiana Coca Cola was cast for all costs of court, including expert witness fees. Plaintiff, Ms. Labee appealed, and defendant Coca Cola answered the appeal.
Plaintiff alleges that the jury verdict, which denied her general damages and future medical expenses, is erroneous as a matter of law. Defendant alleges that the award for past medical expenses was excessive and erroneous, that the amount of expert witness fees assessed was excessive, and that the trial court erred in limiting defendant's questioning of plaintiff's treating chiropractor.

STATEMENT OF LAW

General Damages
The jury specifically found that Coca Cola's employee, Pecorraro, was negligent and that Ms. Labee's physical injuries were caused by his negligence. Under these circumstances, where the fact of physical injury was clearly proven, the jury erred as a matter of law in refusing to award any damages for pain and suffering. Harper v. Boudreaux, 496 So.2d 439 (La. App. 1st Cir.1986).
Since the complete record is before us, we will determine the amount of general damages rather than remand the case. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
Property damage to Ms. Labee's automobile was minimal. After the accident, Ms. Labee went to the emergency room at the Seventh Ward Hospital in Hammond, complaining *852 of pain in her neck and upper shoulders. The examining physician noted generalized muscle tenderness, but no suggestion of fracture or dislocation. He diagnosed her injury as a strain of the neck muscles, and prescribed pain medication. The physician noted the possibility of stretched or torn ligaments in the neck.
The neurologist who examined Ms. Labee six days after the accident noted that she complained of pain in the front and back of her neck, and had numbness at the side of her head and right shoulder. He noted that the neurological examination was normal except for some loss of sensation in the right shoulder and arm, and that there was no evidence of spasms in the neck. He noted that she continued to complain of pain in the cervical spine and back of the head. He diagnosed her injury as a cervical strain.
The orthopedic surgeon who examined Ms. Labee four months after the accident noted that, at that time, she complained of neck pains, and headaches. The doctor's examination revealed a full range of motion of the neck and cervical spine. There was no evidence of muscle spasms, which indicated that there was no significant injury to the cervical spine. He noted that, aside from Ms. Labee's complaints of pain, the orthopedic examination was normal.
The chiropractor who first examined Ms. Labee five months after the accident noted that she complained, at this time, of headaches, dizziness, blurred vision in her right eye, ringing in her ears, and pain in her neck, shoulders, and lower back. As a result of his examination, the chiropractor determined that Ms. Labee had acute traumatic cervical myofascitis, that is, traumatic soft-tissue injury of the neck.
At trial, some two years after the accident, Ms. Labee testified that she was in "constant pain," and suffered "constant headaches" and backaches.
Although we find Ms. Labee's complaints at trial were exaggerated, it is clear that she was injured as a result of the accident and suffered some pain as a result. Under the circumstances we believe that an award of $5,000.00 will justly and adequately compensate Ms. Labee for her pain and suffering.

Future Medical Expenses
Plaintiff alleges that the jury erred in failing to award any amount for future medical expenses. Her chiropractor estimated that she would require chiropractic treatment "every two to three months," possibly for the rest of her life. However, the testimony to the contrary by her treating orthopedic surgeon, who discharged her after one visit, was sufficient to support the jury's finding. We therefore find no error in the jury's failure to award future medical expenses.

Past Medical Expenses
The jury awarded Ms. Labee $4,272.00 in medical expenses, the amount of her chiropractic treatment. The defendants contend that this amount is excessive. They also contend that the trial court erred in sustaining objections to two questions posed to the chiropractor.
As defense counsel notes, a tort-feasor is not liable for unneeded treatment or overtreatment by a chiropractor if he can show bad faith on the part of the plaintiff. Tyler v. Richardson, 476 So.2d 899, 904 (La.App. 2d Cir.), writ denied, 478 So.2d 907 (La.1985); Andrews v. Louisiana Coca-Cola Bottling Co., 454 So.2d 1193, 1198 (La.App. 4th Cir.), writ denied, 459 So.2d 544 (La.1984).
At trial, defense counsel asked the treating chiropractor if he had been paid by the plaintiff, and the plaintiff's relevancy objection was sustained. Defense counsel next asked the chiropractor if the plaintiff's attorney had recommended that Ms. Labee come to see him. Plaintiff's objection to this question was also sustained. The defense counsel asked no further questions of the chiropractor, nor did he question the plaintiff on these subjects. While testimony which would tend to prove a witness's pecuniary interest in the outcome of the litigation is clearly admissible, *853 we cannot say that the trial court's ruling was an abuse of its broad discretion in finding the two particular questions posed irrelevant to the issue. Defendant chose not to pursue the issue with a more relevant inquiry. We, therefore, find no reversible error in the trial court's ruling that the questions posed were irrelevant to the issue defendants sought to prove.

Expert Witness Fees
The trial court assessed expert witness fees of $500.00 each to the neurologist and chiropractor. Defendant contends that these fees are excessive.
The trial court has broad discretion in fixing expert witness fees. Jimco, Inc. v. Bon Marche Homes, Inc., 471 So.2d 312, 314 (La.App. 4th Cir.), writ denied, 475 So.2d 363 (La.1985); Schepp v. Olin Corp., 445 So.2d 1280, 1284 (La.App. 3d Cir.), writ denied, 448 So.2d 117 (La.1984). Such an award must be based on "the value of time employed and the degree of learning or skill required." LSA-R.S. 13:3666(A).
Although the testimony of the neurologist is contained in only eight pages of the record, he apparently spent two hours traveling to and from trial. The chiropractor's testimony was much lengthier, but the distance he was required to travel was substantially less than that of the neurologist. In view of the circumstances of this case, we find the award of $500.00 excessive and an abuse of the broad discretion accorded the trial court, and reduce the award to $250.00 each to the neurologist and chiropractor.

CONCLUSION
For the reasons assigned, the judgment of the trial court is amended to include an award of $5,000.00 for general damages and an award of $250.00 to each doctor as expert witness fees, and as amended, affirmed. All costs are to be borne by defendants.
AMENDED AND, AS AMENDED, AFFIRMED.